UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROGER MILLS, JR., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 4:16-cv-00571-JAR |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Roger Mills, Jr.'s Motion to Compel, filed with the Court on March 6, 2017 ("March 6 Motion") (Doc. 26), and Second Motion to Compel Discovery, filed with the Court on March 21, 2017 ("March 21 Motion") (Doc. 30). For the following reasons, the Court will grant the March 6 Motion in part, subject to a modification to the scope of Interrogatory 3, and will hold it in abeyance in part pending the Court's *in camera* review of documents from a file Defendant created in relation to Plaintiff's insurance claim ("claim file") (Doc. 26); and the Court will grant the March 21 Motion (Doc. 30).

### Background

In this action, Plaintiff claims that, on July 27, 2013, he suffered serious physical injuries in a motor vehicle accident that was caused by the negligence of an underinsured driver (Doc. 6 at 2-3). Plaintiff further alleges that, at the time of the accident, he was insured under an insurance policy issued by Defendant Liberty Mutual Insurance Company, which included "$100,000 for each person of Uninsured Motorist Coverage for three different vehicles" (Id. at

4). According to Plaintiff, he is entitled to reimbursement under this policy for the injuries he sustained in the accident (Id. at 3-10). Plaintiff also claims that he is entitled to damages under Mo. Rev. Stat. §§ 375.296 and 375.420, based on Defendant's vexatious refusal to pay his claim (Id. at 6-10).

On December 21, 2016, Plaintiff filed his first motion to compel, seeking an order compelling Defendant to answer certain interrogatories fully, with specificity, and without objection; and to fully respond to several requests for production of documents (Doc. 16). More specifically, Plaintiff sought production of documents from the claim file, and names and contact information of all employees of Defendant who had been involved in evaluating or adjusting his claim (Id. at 5-6, 8-11). He also sought production of "claims manuals and/or policies and practice manuals that apply to the handling of this claim," asserting that such materials were relevant to his vexatious-refusal-to-pay claim (Id. at 11-13).

Defendant opposed the first motion to compel (Doc. 18). In its response, Defendant argued that some of the documents in the claim file were protected work product or privileged attorney-client communications (Id. at 5-6). According to Defendant, it had provided Plaintiff the name of the adjuster currently assigned to his claim and the date she began handling his claim (Id. at 7). As to Plaintiff's request for manuals and policies, Defendant indicated that "it would produce the relevant guidelines relating to handling uninsured motorists claims in effect at the time of Plaintiff's claim pursuant to an agreed Confidentiality Order" (Id. at 8-10).

On January 25, 2017, the Court entered an order denying without prejudice Plaintiff's first motion to compel, as it appeared the parties had resolved their discovery dispute during an in-chambers conference with counsel (Doc. 22). On February 21, 2017, the Court entered an

Agreed Protective Order that the parties had submitted to the Court, setting forth a procedure designed to protect confidential information exchanged during discovery in this case (Doc. 25).

Plaintiff has since filed the two motions to compel now pending before the Court (Doc. 26, 30). Defendant opposes the motions (Docs. 28, 33).

## Discovery Standards

Federal Rule of Civil Procedure 26(b)(1) provides that civil litigants may obtain:

> Discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

The scope of discovery under Rule 26(b) is extremely broad. Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 3637 (1970)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted). After the proponent of discovery makes a threshold showing of relevant, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993) and St. Paul

3

Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id. (quoting Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y 1987)).

## March 6 Motion

In his March 6 Motion, Plaintiff again seeks an order compelling Defendant to produce certain documents from his claim file, and to fully respond to Interrogatory 3, which requests the identities of and contact information for employees of Defendant who have been involved in adjusting his claim. He also asks the court to compel Defendant to respond to Interrogatory 11, which seeks information relating to any legal action or claim against Defendant for damages arising out of an alleged vexatious failure or refusal to pay money owed under an insurance policy within the past five years (Docs. 26-27). In response, Defendant argues that the documents Plaintiff seeks from the claim file are protected by attorney-client privilege. Defendant also seeks additional time to identify employees involved in evaluating or adjusting Plaintiff's claim, and objects to Plaintiff's request for information relating to prior lawsuits against it (Doc. 28).

The Court will grant Plaintiff's motion to the extent it seeks to compel Defendant to identify and produce contact information for all employees of Defendant who were involved in reviewing or adjusting Plaintiff's claim. Defendant's failure to do this earlier is inexcusable and contrary to Defendant's counsel's representations at the earlier conference. Defendant shall produce this information no later than seven (7) days from the date of this Order. The Court will

4

hold the motion in abeyance to the extent it seeks documents from the claim file for which Defendant has asserted attorney-client privilege, pending an *in camera* review of the documents. Defendant shall, no later than seven (7) days from the date of this Order submit to the Court for *in camera* review, the documents from the claim file for which it has invoked the attorney-client privilege. To the extent Plaintiff seeks an order compelling Defendant to respond to Interrogatory 11, the Court will grant the motion subject to the following modification:

> Defendant shall identify any and all claims brought against Defendant within the past five years based on an alleged vexatious failure or refusal to pay money owed under an uninsured motorist policy issued to a resident of the state of Missouri, and Defendant shall provide, for each claim, the name of the insured who brought the claim, the name of the insured's counsel, the court that has or had jurisdiction over the claim, and whether the claim is still pending.

For these reasons, the Court will grant the March 6 Motion in part, hold the Motion in abeyance in part, and direct Defendant to submit to the Court for *in camera* review the documents from the claim file for which it has invoked attorney-client privilege.

## March 21 Motion

In his March 21 Motion, Plaintiff seeks an order compelling Defendant to produce complete copies of policies and manuals that applied to Defendant's handling of his claim. According to Plaintiff, Defendant has produced only partial copies of the relevant policies and manual, but has withheld or redacted 209 pages of those documents, claiming they are protected by attorney-client privilege or the work-product doctrine. Plaintiff argues that the policies and manuals are relevant to his vexatious-refusal-to-pay claim, and that to the extent they may be confidential, the withheld portions will be subject to the terms of the Joint Protective Order. He further argues that the policies and manuals are not protected by attorney-client privilege, as they are not confidential communications between attorney and client. Plaintiff also contends that the policies and manuals are not attorney work product, as they were prepared for the purpose of

5

training and directing Defendant's employees, not in anticipation of litigation; and that to the extent they are work product, the policies and manuals are nevertheless discoverable as he has no other means to acquire the information they contain (Docs 30, 34).

In response, Defendant asserts that the requested policies and manuals are confidential, proprietary, and irrelevant to Plaintiff's claims; it also argues that they are protected by the work product doctrine and attorney-client privilege. More specifically, Defendant contends that it redacted only those portions of the policies and manuals that were irrelevant to the processing of Plaintiff's claim or that were protected by either attorney-client privilege or the work product doctrine. Defendant further argues that, because its policies and manuals are confidential, proprietary commercial information and trade secrets, it should not be required to disclose them in discovery in the absence of a protective order. Moreover, Defendant contends that some of the information in its policies and manuals—such as legal coverage opinions, investigations, and decisions—is protected by the attorney-client privilege, and is also protected by the work-product doctrine, as it was prepared in anticipation of litigation (Doc. 33).

Initially, the Court is not persuaded by Defendant's contention that the redacted portions of the policies and manuals are not discoverable because they were not relevant to the processing of Plaintiff's claim. The "claims manual and/or policy and procedures manual which were applicable to the adjusting of Plaintiff's claim" are discoverable pursuant to Rule 26(b)(1)'s broad scope of discovery. The Court also rejects Defendant's argument that it should not be required to produce its confidential, proprietary policies and manuals absent a protective order, given the Court's adoption of the parties' Joint Protective Order on February 21, 2017. Moreover, other than its bare assertion that certain information in the policies and manuals was prepared in preparation of litigation or contains legal coverage opinions, investigations, and

decisions, Defendant has not identified any specific information in the redacted portions of these materials that was prepared in anticipation of litigation, nor has it explained how the policies and manuals—which it uses to train its employees and to guide them in their processing of insurance claims filed under policies Defendant has issued—were prepared for the purpose of preparing for litigation in any particular situation, let alone under the specific facts of this case. Therefore, the Court will grant Plaintiff's March 21 motion, and compel Defendant to produce the portions of "the claims manual and/or policy and procedures manual which were applicable to the adjusting of Plaintiff's claim" that it has withheld from discovery pursuant to its claims of attorney-client privilege and work-product protection. Accordingly,

## Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Doc. 26) is **GRANTED IN PART AND HELD IN ABEYANCE IN PART** as follows. The Motion is **GRANTED** to the extent it seeks an order compelling Defendant respond to Interrogatory 3. Defendant shall, <u>no later than seven (7) days from the date of this Order</u>, fully and completely respond to Interrogatory 3. To the extent the Motion seeks an order compelling Defendant to respond to Interrogatory 11, the Motion is **GRANTED** subject to the modification that Defendant shall identify any and all claims brought against Defendant within the past five years based on an alleged vexatious failure or refusal to pay money owed under an uninsured motorist policy issued to a resident of the state of Missouri, and that Defendant shall provide, for each claim, the name of the insured who brought the claim, the name of the insured's counsel, the court that has or had jurisdiction over the claim, and whether the claim is still pending. The Motion will be **HELD IN ABEYANCE** to the extent it seeks an order compelling Defendant to produce documents in Plaintiff's claim file, pending *in camera* review.

**IT IS FURTHER ORDERED** that Defendant shall, no later than seven (7) days from the date of this Order, submit to the Court for *in camera* review the documents in the claim file that it seeks to withhold from discovery based on its assertion of attorney-client privilege.

**IT IS FINALLY ORDERED** that Plaintiff's Second Motion to Compel Discovery (Doc. 30) is **GRANTED**. Defendant shall, no later than seven (7) days from the date of this Order, produce any and all portions of "the claims manual and/or policy and procedures manual which were applicable to the adjusting of Plaintiff's claim" that it has withheld from discovery pursuant to its claims of attorney-client privilege and work-product protection.

The Court will reserve ruling on whether any sanction is necessary or appropriate as a result of Defendant's failure to comply with reasonable discovery requests.

Dated this 24th day of April, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE