UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER MILLS, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:16-cv-00571-JAR |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on final unresolved issues concerning Plaintiff Roger Mills, Jr's March 6, 2017 Motion to Compel (Doc. 26). On April 24, 2017, the Court entered an Order (Doc. 35) that, among other directives, held the motion in abeyance to the extent it sought documents from the claim file for which Defendant had asserted privilege, pending an *in camera* review of the documents. The Court has performed an *in camera* review of those documents and, for the following reasons, the Court will deny Plaintiff's Motion to Compel to the extent it seeks an order compelling Defendant to produce certain documents created in relation to Plaintiff's insurance claim.

## Discussion

Federal Rule of Civil Procedure 26 governs discovery in civil cases. Specifically Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party". Fed. R. Civ. P. 26(b). The rule also places certain requirements on the party claiming the privilege. "[I]t is the long established rule that

confidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client." *Diversified Industries, Inc. v. Meradith*, 572 F.2d 596, 601 (8th Cir. 1977). A second rule, applicable to the case at bar, "is that information or materials assembled by or for a person in anticipation of litigation or in preparation for trial may be qualifiedly privileged from disclosure to an opposing party." *Id.* "That rule is known as the 'work product' rule". *Id.*

In his Motion to Compel, Plaintiff seeks a number of documents from a claim file Defendant created in relation to the motor vehicle accident giving rise to this lawsuit. Generally, "[a]n insurer's decision to decline coverage is typically the point at which the ordinary course of business ends and the anticipation of litigation begins." *Med. Protective Co. v. Bubenik*, No. 4:06CV01639 ERW, 2007 WL 3026939, at *3 (E.D. Mo. Oct. 15, 2007). Defendant argues that this general principle does not supersede the protections afforded under the attorney-client privilege and work product doctrine. As a result, Defendant produced to Plaintiff redacted copies of certain documents and withheld others on the basis of those privileges. The Court has performed an *in camera* review of the redacted or withheld documents, including the following:

- Direct communications between Susan Walland, senior claims resolution specialist, and Christopher Shumate, corporate legal counsel for Defendant, and attachments;
- Direct communications between Christopher Shumate and defense counsel, and attachments;
- Direct communications, including a coverage opinion, between Robert Ford, coverage counsel for Liberty Mutual Insurance Company, and Kelly Hardy, senior claims specialist;
- A coverage referral form and documents summarizing coverage review;
- Claim file entries regarding this bad faith litigation, including entries concerning advice from coverage counsel;
- Portions of Plaintiff's claim file pre-dating March 24, 2015 that redact references to communications with Defendant's trial or coverage counsel;
- Claim file notes created after Plaintiff initiated litigation against Defendant; and
- Correspondence and attachments redacting personally identifiable information regarding individuals that are not parties to this litigation.

2

The Court is satisfied that each of the documents it reviewed is protected by the attorney-client privilege, the work product doctrine, or was properly redacted to protect personally identifiable information. More specifically, the contents of the communications with Robert Ford show that the purpose was to obtain legal advice from outside counsel as to coverage for the claims asserted by Plaintiff. These are exactly the type of communications protected by the attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981); *Arch Coal, Inc. v. Fed. Ins. Co.*, No. 4:05CV00712 ERW, 2006 WL 1391317, at *1 (E.D. Mo. May 22, 2006) ("The coverage opinion constitutes a communication between an attorney and his client and is protected by the attorney-client privilege."). Moreover, to the extent some of the documents contain communications between Defendant's employees – or are included in entries to the claim file – regarding the legal advice given from outside counsel, these communications are also a part of the confidential communications between an attorney and client, and, therefore, are privileged. *See May Dep't Stores Co. v. Ryan*, 699 S.W.2d 134, 136 (Mo. Ct. App. 1985).

Furthermore, the coverage opinion itself is privileged attorney work-product, as it contains a thorough legal analysis of the claim. Documents created in anticipation for litigation are covered by the work-product privilege. *See PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002); *see also State ex rel. Day v. Patterson*, 773 S.W.2d 224, 228 (Mo. Ct. App. 1989) ("Work product prepared in anticipation of litigation or for trial does not mean that a suit must be commenced or terminated before materials and documents come within the protection of work product."). Similarly, related documents (such as the coverage referral form and summary of coverage review) and claim entry redactions citing the coverage opinion also constitute work product, as the coverage opinion was obtained in anticipation of litigation.

Although work product may be discoverable if the party seeking discovery has a substantial need for the materials and cannot obtain the substantial equivalent through other means (Fed. R. Civ. P. 26(b)(3)), the Court finds Plaintiff has not shown a substantial need for the documents at this juncture of the litigation. As a final matter, with regard to the documents redacted for personally identifiable information, the Court finds that the redactions were appropriate to protect the privacy interests of non-parties.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Doc. 26) is **DENIED** to the extent it seeks an order compelling Defendant to produce certain documents created in relation to Plaintiff's insurance claim.

Dated this 10th day of May, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**